IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAILESH P. AMIN,                )<br>                                             )<br>           Plaintiff,              )<br>                                             )<br>v.                                      )<br>                                             )<br>FLIGHTSAFETY INTERNATIONAL, INC.,  )<br>                                             )<br>           Defendant.           ) | Case No. 06-CV-568 -GKF-PJC |

## O P I N I O N  A N D  O R D E R

This matter comes before the Court on defendant's Motion for Dismissal of Plaintiff's Claims for Negligent and/or Intentional Infliction of Emotional Distress. [Doc. No. 50] Alternatively, defendant seeks leave to file a motion for summary judgment. Plaintiff opposes the motion. For the reasons set forth below, defendant's motion for dismissal is granted in part and denied in part, and the alternative motion to file a motion for summary judgment is granted as to the claim for intentional infliction of emotional distress and negligence.

Plaintiff, Shailesh P. Amin, a former employee of defendant, was terminated from his employment on July 21, 2005. Plaintiff asserted three causes of action: violation of Title VII of the Civil Rights Act of 1964, breach of employment contract, and negligent and/or intentional infliction of emotional distress. On January 23, 2009, the Court granted defendant's motion for summary judgment on the Title VII and breach of employment contract claims, noting therein defendant had not moved for summary judgment on the emotional distress claim. [Doc. No. 47]. Subsequently, defendant filed the motion at issue, alleging counsel for plaintiff had voluntarily dismissed the negligent and/or intentional infliction of emotional distress claim during a status conference on November 9, 2007. Alternatively, defendant seeks leave to file a motion for

summary judgment on the emotional distress claim.

The Court has reviewed the transcript of the November 9, 2007, status conference. During the status conference, counsel for defendant argued in support of its Motion for Leave to File Motion for Summary Judgment Out of Time. [Doc. No. 21; Doc. No. 50-2, Transcript of November 9, 2007 Status Conference, pp. 2-4]. Counsel for plaintiff opposed the motion. The following exchange took place between counsel for plaintiff, Bill Wilkinson, and the Court:

> **Mr. Wilkinson:** And if you're concerned about the negligent [and/or] intentional infliction of distress claims we will voluntarily dismiss those, we will seek permission of the Court to voluntarily dismiss those if that's what your concern is, and that would preclude any reasons to move the pretrial or to file a motion for summary judgment. We don't think it should be done. We think the scheduling order should be followed at this point in time....
>
> I am well aware of the high criteria that has been established for negligent infliction and/or intentional infliction and so in order to keep the case moving on its docket we will simply as permission to–the Court's permission to dismiss those...The second reason–
>
> **The Court:** To dismiss both?
>
> **Mr. Wilkinson:** Yes.
>
> **The Court:** All right.

[Doc. No. 50-2, p. 4, l. 17-p. 5, l. 9]. Ultimately, the court granted defendant's motion for extension of time to file a motion for summary judgment. [Doc. No. 26]. Defendant filed its motion on November 13, 2007, seeking summary judgment on plaintiff's claim for Title VII race and national origin discrimination and breach of employment contract. [Doc. No. 27]. The Motion for Summary Judgment was granted. [Doc. No. 47]. Despite his representation to the Court, counsel for plaintiff failed to file a dismissal of the claims for negligent and/or intentional infliction of emotional distress. Thus, those claims remain to be determined.

Oklahoma does not recognize negligent infliction of emotional distress as an independent tort. *See e.g. Kraszewski v. Baptist Med. Ctr. Of Oklahoma, Inc.,* 916 P.2d 241, 243 n. 1 (Okla 1996); *Taylor v. Pepsi-Cola Co.,* 196 F.3d 1106, 1111 (10th Cir. 1999). While Oklahoma does not recognize negligent infliction of emotional distress as an independent tort, it "is in effect the tort of negligence." *Mason v. Bd. of Regents of the Univ. of Oklahoma,* 23 P.3d 964, 969 (Okla. Civ. 2001) (citing *Lockhart v. Loosen,* 943 P.2d 1074, 1081 (Okla. 1997); *see also Wilson v. Muckala,* 303 F.3d 1207, 1213 (10th Cir. 2002) (negligent infliction of emotional distress is not an independent tort, but is in effect the tort of negligence). Therefore, the court dismisses the claim insofar as it is pled as one for negligent infliction of emotional distress, but construes it as a claim for negligence.

Defendant's Motion to Dismiss [Doc. No. 50] is denied, but its alternative request for leave to file a motion for summary judgment is granted. Defendant will file its motion for summary judgment on plaintiff's claims of intentional infliction of emotional distress and negligence on or before September 14, 2009.

ENTERED this 31st day of August, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma